CASE 47—PETITION EQUITY—JANUARY 28.

# Bryant's adm'r vs. Bryant.

**APPEAL FROM NELSON CIRCUIT COURT.**

1. A husband can waive his right as husband and permit his wife to retain her money, and when such intention is manifested by the husband, and he shows, by his conduct, that he is not to have or derive any benefit from the personal property belonging to his wife, and that he intends it to remain for her benefit, courts of equity will not deprive the wife of the property, especially in cases where creditors are not to be deprived of any of their rights.

2. The husband permitted his wife to use and control her money as she pleased. She loaned it out and took notes, payable to herself; and when one of her debtors paid her the amount stated, in the writing sued on, her husband, the intestate, took it as a loan from her, and executed the writing, in which he expressly declares that the money belongs to his wife; that it was hers previous to their marriage, and is to be refunded to her after his death. *Held*—That the husband's estate was liable to her for the amount so loaned to him.

J. D. WICKLIFFE,                                    For Appellant,

CITED—

*Revised Statutes*, 1 *Stant.*, 458.

7 *B. Mon.*, 445; *Co. Litt.*, 300.

1 *Roper on Prop.*, 167; 2 *Roper*, 163.

3 *American Law Register*, 575.

4 *Met.*, 84–101.

Bryant's adm'r vs. Bryant.

E. E. McKay,                                    For Appellee,

CITED—

4 *Met.*, 84;  10 *Ohio*, 371.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

The proposition cannot be controverted, that, upon the marriage of the intestate with appellee, he thereby became entitled to all the money and personal estate that belonged to his wife, if he chose to assert and enforce his right; but he certainly could waive his right as husband, and permit his wife to retain her money; and wherever such intention is manifested by the husband, and he shows by his conduct that he is not to have or derive any benefit from the personal property belonging to his wife, and that he intends it to remain for her benefit, courts of equity will not deprive the wife of the property, especially in cases where creditors are not to be deprived of any of their rights.

In this case, the husband permitted his wife, the appellee, to use and control the money as she pleased. She loaned it out and took the notes, payable to herself; and when one of her debtors paid her the amount stated in the writing sued on, her husband, the intestate, took it as a loan from her, and executed the writing, in which he expressly declares that the money belongs to his wife, the appellee; that it was hers previous to their marriage, and is to be refunded to her after his death. How a husband could more clearly manifest his intention not to claim and appropriate the money of his wife to his own use, and that he intended it should remain as her own property, free from his control, cannot be conceived; and courts of equity would be reluctant to take from the widow property which her husband, during his life, never claimed, but declared to be her own, and give it

to his representatives and distributees. A contrary doctrine was recognized by this court in *Mariman's adm'r vs. Mariman*, 4 *Met.*, 84; *Latimore vs. Glenn, &c.*, 1 *Bush*.

As the judgment of the court below conforms to these views, the judgment is affirmed.